
UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>   Plaintiff, )<br> )<br>vs. )<br> )<br>LOURDES ROSA MORA )<br>aka LOURDES ROSA MORA CREW )<br>   Defendant. )<br>_____ ) | CRIMINAL CASE NO. 02-00070-001<br><br><br>SUPPLEMENTAL DECLARATION IN<br>SUPPORT OF PETITION |

**Re:** Violation of Supervised Release; Request for a Summons

   I, Grace D. Flores, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervision for Lourdes R. Mora, and in that capacity declare as follows:

Lourdes R. Mora aka Lourdes Mora Crew was sentenced on May 28, 2003 to a 12 month term of imprisonment followed by a 36 month term of supervised release, for Possession of Methamphetamine Hydrochloride with Intent to Distribute, in violation of 21 U.S.C. §841(a)(1). On May 24, 2004, Ms. Mora's supervision was revoked for eight months with 28 months of supervised release to follow. She is alleged to have committed the following violations:

**Mandatory Condition:** *The defendant shall refrain from any unlawful use of a controlled substance.* On September 15 and November 4, 2005, Ms. Mora tested presumptively positive for the use of methamphetamine. The specimens were sent to the laboratory and subsequently confirmed positive for the use of amphetamine and methamphetamine.

**Special condition:** *Defendant shall participate in a substance abuse treatment program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse.* Ms. Mora failed to appear for her counseling appointments on August 4, 8, 15, 2005; October 5, 6, 12, 19, 2005; December 7, 2005; and January 5, 2006. Ms Mora failed to appear for drug testing on October 8, 16, 21, 22, 29, and 30, 2005; November 11, 19, 23, 27, and 28, 2005; December 10, 13, 22, and 28, 2005; January 10, 12, 26, 28, 30, and 31, 2006; and February 28, 2006.

SUPPLEMENTAL DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release; Request for a Summons
Re:    MORA, Lourdes Rosa
USDC Cr. Cs. No. 02-00070-001
March 9, 2006
Page 2


**Standard condition:** *The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.* Ms. Mora moved on three occasions without prior notice to the U.S. Probation Office. On monthly supervision reports submitted on December 5, 2005, January 6, 2006, and February 3, 2006, Ms. Mora indicated that she moved on November 8, 2005, November 22, 2005 and January 6, 2006 respectively.

**Recommendation:** It is respectfully requested that this supplemental information also be taken into consideration at a scheduled violation hearing.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 9th day of March 2006, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
GRACE D. FLORES
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc:    Marivic P. David, AUSA
       Joaquin C. Arriola, Jr., Defense Counsel
       File

# VIOLATION WORKSHEET

1. Defendant: **Lourdes Rosa Mora aka Lourdes Rosa Mora Crew**

2. Docket Number (Year-Sequence-Defendant No.): CR 02-00070-001

3. District/Office: Guam

4. Original Sentence Date: 05 / 28 / 03
                                         month   day   year

(If different than above):

5. Original District/Office: N/A

6. Original Docket Number (Year-Sequence-Defendant No.): N/A

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Positive test results for use of methamphetamine | C |
| • Failure to report for urinalysis | C |
| • Failure to report for drug treatment counseling | C |
| • Failure to notify the U.S. Probation Office prior to change in residential address. | C |

8. Most Serious Grade of Violation (see §7B1.1(b)): **C**

9. Criminal History Category (see §7B1.4(a)): **I**

10. Range of Imprisonment (see §7B1.4(a)): **3 - 9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:02-cr-00070 Document 35 Filed 03/14/2006 Page 3 of 4

Defendant: Lourdes Rosa Mora aka Lourdes Rosa Mora

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | 0 | Community Confinement | 0 |
    | Fine ($) | 0 | Home Detention | N/A |
    | Other | | Intermittent Confinement | |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: N/A to N/A years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment:  19-25 months

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    **An upward departure may be warranted as the original sentence was the result of a downward departure for substantial assistance, pursuant to U.S.S.G. § 7B1.4, Application Note 4.**

15. **Official Detention Adjustment** (see §7B1.3(e)):  _____ months  _____ days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:02-cr-00700 Document 36 Filed 03/14/2006 Page 4 of 4