PROB 12C
(12/04)

# UNITED STATES DISTRICT COURT
### for
### District of Guam

FILED
DISTRICT COURT OF GUAM
MAR 14 2006
MARY L.M. MORAN
CLERK OF COURT

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Lourdes Rosa Mora aka Lourdes Rosa Crew**        Case Number: **CR 02-00070-001**

Name of Sentencing Judicial Officer:   John S. Unpingco

Date of Original Sentence:   May 28, 2003

Original Offense:   Possession of Methamphetamine Hydrochloride with Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1).

Original Sentence:   Twelve months imprisonment with credit for time served followed by three years supervised release to include: participation in a substance abuse program to include random urinalysis; refrain from the use of any and all alcoholic beverages; obtain and maintain employment; perform 300 hours community service; and pay a $100 special assessment fee. **On February 20, 2004, an informational violation report** was filed with the Court. **Conditions modified on April 13, 2004** to include an additional 100 hours of community service for noncompliance. **Revoked May 24, 2004** for eight months imprisonment followed by 28 months of supervised release for noncompliance, with all conditions, originally imposed and modified, ordered to remain in effect.

Type of Supervision: Supervised Release        Date Supervision Commenced: January 21, 2005
Assistant U.S. Attorney: Marivic P. David        Defense Attorney: Joaquin C. Arriola, Jr.

---

### PETITIONING THE COURT

☐ To issue a warrant
☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | Positive test results for use of methamphetamine (2/15/06; 2/17/06; 2/21/06) |
| 2 | Failures to report for urinalysis (2/10/06; 2/13/06; 2/16/06) |
| 3 | Failure to report for drug treatment counseling (2/14/06) |

≈Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

☒ The term of supervision should be

  ☒ revoked.

  ☐ extended for _____ years, for a total term of _____ years.

☐ The conditions of supervision should be modified as follows:

*See attached Declaration in Support of Petition -
Violation of Supervised Release; Request for a Summons*

| Reviewed by: | Reviewed by: | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|---|
| ROSSANNA VILLAGOMEZ-AGUON<br>U.S. Probation Officer<br>Supervision Unit Leader<br>Date: 3/10/06 | MARIVIC P. DAVID<br>Assistant U.S. Attorney<br>Date: 3/13/06 | ROBERT I. CARREON<br>U.S. Probation Officer<br>Executed on: 3/9/06 |

## THE COURT ORDERS:

☐ No action.

☐ The issuance of a warrant.

☒ The issuance of a summons.

☐ Other

RECEIVED
MAR 14 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

Signature of Judicial Officer

March 14, 2006
Date

# VIOLATION WORKSHEET

1. Defendant  **Lourdes Rosa Mora aka Lourdes Rosa Mora Crew**

2. Docket Number (Year-Sequence-Defendant No.)  **CR 02-00070-001**

3. District/Office  **Guam**

4. Original Sentence Date  **05** / **28** / **03**
       month    day    year

(If different than above):

5. Original District/Office  **N/A**

6. Original Docket Number (Year-Sequence-Defendant No.)  **N/A**

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Positive test results for use of methamphetamine (2/15/06; 2/17/06; 2/21/06) | C |
| • Failures to report for urinalysis (2/10/06; 2/13/06; 2/16/06) | C |
| • Failure to report for drug treatment counseling (2/14/06) | C |

8. Most Serious Grade of Violation (see §7B1.1(b))  **C**

9. Criminal History Category (see §7B1.4(a))  **I**

10. Range of Imprisonment (see §7B1.4(a))  **3 - 9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:02-cr-00070 Document 36 Filed 03/14/2006 Page 3 of 7

Defendant: Lourdes Rosa Mora aka Lourdes Rosa Mora

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | 0 | Community Confinement | 0 |
    | Fine ($) | 0 | Home Detention | N/A |
    | Other | | Intermittent Confinement | |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: N/A to N/A years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 19 months

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    **An upward departure may be warranted as the original sentence was the result of a downward departure for substantial assistance, pursuant to U.S.S.G. § 7B1.4, Application Note 4.**

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:02-sr-00500 Document 36 Filed 03/14/2006 Page 4 of 7

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL CASE NO. 02-00070-001 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | DECLARATION IN SUPPORT OF PETITION |
| LOURDES ROSA MORA | ) | |
| aka LOURDES ROSA MORA CREW | ) | |
| Defendant. | ) | |
| | ) | |

Re: Violation of Supervised Release; Request for a Summons

I, U.S. Probation Officer Robert I. Carreon, am the U.S. Probation Officer assisting in the supervision of Lourdes Rosa Mora aka Lourdes Rosa Mora Crew, and in that capacity declare as follows:

**Mandatory Condition 1:** *The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.* On **February 15, 2006**, Lourdes Mora reported to the U.S. Probation Office as instructed for a compliance meeting to address her failures to report for urinalysis on February 10, 2006 and February 13, 2006. She was also advised that she failed to report for a scheduled counseling session on February 14, 2006. Ms. Mora explained that she missed the appointments because she has been at the hospital tending to a sick relative. Upon being subjected to urinalysis, she tested positive for the use of methamphetamine. Ms. Mora executed a drug use admission form indicating she used "ice" on February 13, 2006. According to Ms. Mora, she is still in mourning over her father who passed away in 2005. When reporting recently to the hospital to assist in the care of a relative, she stated she was reminded of the pain of her father's death. Ms. Mora stated that in this weak emotional state, she was unable to refuse drug use on February 13, 2006 as offered by a friend. Rather than resorting to

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release; Request for a Summons
Re:     MORA, Lourdes Rosa
USDC Cr. Cs. No. 02-00070-001
March 9, 2006
Page 2

drug use, she was advised to utilize her drug treatment counseling sessions to cope with crisis. She was informed that immediate emergency counseling sessions are available to her, and upon her request. Ms. Mora stated she understood and assured no further noncompliance.

On **February 17, 2006,** Ms. Mora again was instructed to report to the U.S. Probation Office for a compliance meeting relative to a failure to attend urinalysis on February 16, 2006. She related that she forgot to call the urinalysis bulletin and subsequently missed the drug test. Upon being subjected to urinalysis, she tested positive for the use of methamphetamine. Ms. Mora stated that her last "ice" use was on February 13, 2006, however, this Officer rejected this claim citing that all traces of "ice" use typically exits the body in four days. Ms. Mora persisted in her claim, and as a result, she was instructed to return to the U.S. Probation Office on February 21, 2006 for another urinalysis. Ms. Mora agreed that certainly by this date she should test negative for any drug use. On **February 21, 2006,** Ms. Mora tested positive for methamphetamine. She executed a drug use admission form for using the drug on February 20, 2006, and explained that she went into crisis and used the drug on that date after being questioned by police officers about a domestic incident she witnessed at her apartment complex.

Ms. Mora was instructed to cease all violation behavior immediately and return to full compliance. She was advised that a violation hearing from the Court will be petitioned by the probation office to address her noncompliance.

**Special Condition :** *The defendant shall participate in a program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. It is further ordered that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office.* As outlined above, Ms. Mora failed to report for urinalysis on **February 10, 2006; Febrary 13, 2006; and February 16, 2006.** She also failed to report for drug treatment counseling on **February 14, 2006.**

**Recommendation:** This probation officer respectfully requests that the Court issue a Summons for Lourdes Rosa Mora aka Lourdes Rosa Mora Crew to appear for a hearing to answer or show cause why supervised release should not be revoked pursuant to 18 U.S.C. § 3583(e)(3).

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release; Request for a Summons
Re: MORA, Lourdes Rosa
USDC Cr. Cs. No. 02-00070-001
March 9, 2006
Page 3

      I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

      Executed this 9th day of March 2006, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

      Respectfully submitted,

      FRANK MICHAEL CRUZ
      Chief U.S. Probation Officer

By: ROBERT I. CARREON
    U.S. Probation Officer

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc:  Marivic P. David, AUSA
     Joaquin C. Arriola, Jr., Defense Counsel
     File